BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

WILLIAM J. EDELMAN (CABN 285177)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-mail: william.edelman@usdoj.gov

Attorneys for the United States of America

ORIGINAL FILED

OCT 25 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN PEELER, <br><br> Defendant. | NO. CR 16-105 VC <br><br> [~~PROPOSED~~] FINDINGS OF FACT AND CONCLUSIONS OF LAW |

### INTRODUCTION

Defendant Stephen Peeler ("Defendant") is charged with assault on a federal officer in violation of 18 U.S.C. § 111(a). Defendant timely notified the government of his intent to assert a defense of insanity under Federal Rule of Criminal Procedure 12.2. (*See* Dkt. 15.) The parties have agreed to a bench trial based on stipulated facts. Having read the Joint Stipulations and Waivers for Bench Trial (ECF No. 30), the Court renders the following Findings of Fact and Conclusions of Law, pursuant to Federal Rule of Criminal Procedure 23(c).

## FINDINGS OF FACT

1. On February 29, 2016, at about 11:11 a.m., Court Security Officer (CSO) Eugene Cunningham was on duty as a Special Deputy U.S. Marshal, which is a person designated in 18 U.S.C. § 1114, working at the entrance to the federal building at 450 Golden Gate Avenue in San Francisco.

2. Defendant walked up to CSO Cunningham and punched CSO Cunningham in the face with a closed fist. Defendant and CSO Cunningham had no interactions prior to the punch. CSO Cunningham did not know Defendant. CSO Cunningham suffered minor injuries from the punch, including pain and swelling to the jaw area.

3. At the time Defendant punched CSO Cunningham, Defendant was suffering from a severe mental disease that made him unable to appreciate the wrongfulness of the act.

## CONCLUSIONS OF LAW

4. Title 18 of the United States Code, Section 111(a) provides that "[w]hoever . . . forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties" where "such acts involve physical contact with the victim of that assault" is guilty of a Class D Felony punishable by up to eight years in prison. 18 U.S.C. § 111(a).

5. Title 18 of the United States Code, Section 17 provides that "[i]t is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts," and that "[t]he defendant has the burden of proving th[is] defense of insanity by clear and convincing evidence." 18 U.S.C. § 17.

6. Title 18 of the United States Code, Section 4242(b) provides that if the issue of insanity is raised as an affirmative defense at trial, the available verdicts are (1) guilty, (2) not guilty, or (3) not guilty only by reason of insanity. 18 U.S.C. § 4242(b).

7. The government proved each element of 18 U.S.C. § 111(a) beyond a reasonable doubt:

    a. The government proved beyond a reasonable doubt that Defendant forcibly assaulted CSO Cunningham by punching him in the face;

    b. The government proved beyond a reasonable doubt that at the time Defendant

forcibly assaulted him, CSO Cunningham was a federal officer as designated in 18 U.S.C. § 1114 who was engaged in the performance of his official duties; and

    c.    The government proved beyond a reasonable doubt that Defendant's forcible assault of CSO Cunningham involved physical contact, namely contact between Defendant's fist and CSO Cunningham's face.

8.    Defendant proved by clear and convincing evidence that at the time he assaulted CSO Cunningham, he was suffering from a severe mental disease that made him unable to appreciate the wrongfulness of his acts.

**IT IS SO ORDERED.**

Dated: 10/25/16

HON. VINCE CHHABRIA
United States District Judge